**CLOSED**

**UNITED STATES DISTRICT COURT**
District of New Jersey

CHAMBERS OF
JOSE L. LINARES
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

NOT FOR PUBLICATION

**LETTER-OPINION AND ORDER**

March 26, 2007

Hugh Mac-Truong
c/o IMDIT Pro Se Services
325 Broadway
Suite #200
New York, NY 10007

      Re:    **Truong v. Winfield**
               **Civil Action No.: 06-2929 (JLL)**

Dear Mr. Truong:

This matter comes before the Court on Plaintiff Mac Truong's ("Truong" or "Plaintiff") request to bring this action in forma pauperis pursuant to 28 U.S.C. § 1361 for a writ of mandamus. Based on Plaintiff's affidavit of poverty, the Court finds that Plaintiff qualifies for non-prisoner in forma pauperis and directs the Clerk of the Court to file the Complaint without pre-payment of the filing fees or security. 28 U.S.C. § 1915(a).

The Court must next review Plaintiff's petition for a writ of mandamus pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from

1

a defendant who is immune. The Court concludes that Plaintiff's Complaint should be dismissed for failure to state a claim.

## DISCUSSION

### A. Standard of Review

After a court makes a decision that a plaintiff is qualified for pauper status pursuant to 28 U.S.C. § 1915, the court must then "screen" the Complaint to determine whether the plaintiff's complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). A claim is said to lack an arguable basis in law if it states an "inarguable legal conclusion." Id. at 325. The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995). A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"

Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissing pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissing pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

**B.    Analysis**

Plaintiff brings this civil action pursuant to 28 U.S.C. § 1361 for a writ of mandamus as against the defendant the Honorable Novalyn L. Winfield, United States Bankruptcy Judge ("Judge Winfield").[1] The following factual allegations are taken from Plaintiff's petition and the Court accepts them as true for the purposes of the instant analysis.

Plaintiff's "Notice of Motion" seeks a writ of mandamus directing Judge Winfield to:

1) Dismiss and close the adversary bankruptcy proceeding Case No.: 03-2681 (NLW) entitled Broadwhite Associates v. Truong, et al. for lack of personal jurisdiction;

2) Dismiss and close the adversary bankruptcy proceeding Case No.: 03-2681 (NLW) entitled Broadwhite Associates v. Truong, et al. "pursuant to the September 23, 2003 Dismissal Order of the New Jersey Superior Court in a prior state court proceeding, based on which Petitioner Hugh Mac-Truong was allegedly sued by original plaintiff Broadwhite Associates in adversary # 03-2681 NLW";

---

[1]The Court notes that all pleadings in this matter have been signed by Maryse Mac-Truong, purportedly on behalf of her son, Hugh Mac-Truong. While the Court understandably has concerns regarding the validity of Maryse Mac-Truong's legal authority to litigate this matter on her son's behalf, the Court will assume arguendo that such authority exists for the purposes of the instant analysis.

3

      3) Dismiss and close the adversary bankruptcy proceeding Case No.: 03-2681 (NLW) entitled <u>Broadwhite Associates v. Truong, et al.</u> "in compliance with the United States Bankruptcy Court's July 21, 2004 Consent Order in Adversary Proceeding 03-2907-NLW entitled <u>Broadwhite Assocaites (sic) v. Truongs et al.</u> dismissing all Broadwhite's proceedings against Truong, et al. such as Adversary Proceeding #03-2681-NLW";

      4) Dismiss and close the adversary bankruptcy proceeding Case No.: 03-2681 (NLW) entitled <u>Broadwhite Associates v. Truong, et al.</u> "in compliance with the United States Court of Appeals for the Third Circuit's May 12 and October 25 [] Declaratory Orders, acknowledging the validity of the Bankrutpcy Court's July 21, 2004 Consent Order dismissing all Broadwhite's proceedings against Truong et al. such as Adversary Proceeding #03-2681-NLW";

      5) Dismiss and close the adversary bankruptcy proceeding Case No.: 03-2681 (NLW) entitled <u>Broadwhite Associates v. Truong, et al.</u> "in compliance with the true meaning of 11 U.S.C. 544(b) authorizing only the Chapter 7 Bankruptcy Trustee of the debtor-transferor to avoid fraudulent transfer";

      6) Perform her duties owed to Plaintiff and "immediately discontinue her acting in concert with respondent Kartzman under color of state law and/or state court proceeding to deprive, in violation of 42 U.S.C. 1983 and 1985, petitioner of his constitutional and statutory rights to due process and equal protection, such as his right to appeal from the Court's irrational and arbitrary decisions violating his substantive rights, or rights to diligently file appropriate and meritorious opposition papers to defend himself, or right to have the Court grant collateral estoppel effects to valid court orders in parallel cases involving the same parties, or right to be free of unlawful and unconstitutional threats made by respondent under color of court orders";

      7) Perform her duties owed to Plaintiff "to immediately discontinue her illegal and/or unconstitutional injunction orders limiting his filing of papers and pleadings without prior leave of the court";

      8) Perform her duties owed to Plaintiff "as a fair and impartial judge to immediately reassign adversary bankruptcy proceeding #03-2681-NLW to another judge, except Judge Rosemary Gambardella, of the USBC for continued adjudication";

      9) Enjoin "respondent from proceeding any further with petitioner's matter before the USBC, pending the adjudication of this motion."

("Notice of Motion" at 1-3).

      Plaintiff is not entitled to mandamus relief under 28 U.S.C. § 1361.  To be eligible for such relief, a petitioner must satisfy three conditions. First, the party seeking issuance of a writ

must demonstrate that he has "no other adequate means to attain the relief he desires." Cheney v. United States Dist. Court, 542 U.S. 367, 380 (2004) (citation omitted).  Next, the petitioner must carry the burden of showing that "his right to the issuance of the writ is clear and indisputable." Id. at 381 (citations omitted).  Finally, "the issuing court ... must be satisfied that the writ is appropriate under the circumstances." Id.

Plaintiff has entirely failed to demonstrate his entitlement to a writ of mandamus.  The facts alleged in Plaintiff's Certification submitted in support of his motion for a writ of mandamus and the attached exhibits are insufficient to entitle Plaintiff to the relief sought.  To the extent that Plaintiff seeks this Court to order Judge Winfield to close Adversary Proceeding Case No. 03-2681 (NLW) currently pending before the Bankruptcy Court, Plaintiff clearly possesses other adequate means to achieve this relief, namely, the right to appeal any adverse decisions of Judge Winfield.[2]  To the extent that Plaintiff's petition requests Judge Winfield to cease engaging in activities which allegedly violate Plaintiff's rights, Plaintiff has other adequate means to achieve this relief since Plaintiff may clearly pursue this relief by way of separate civil action pursuant to 42 U.S.C. §1983 and §1985.  To the extent that Plaintiff asks this Court to order Judge Winfield to take affirmative action with respect to the Adversary Proceeding Case No. 03-2681 (NLW), the Court finds that Plaintiff has failed to demonstrate that his right to issuance of the writ is "is clear and indisputable." Cheney, 542 U.S. at 381 (citations omitted).  That is, Plaintiff has failed to demonstrate a clear right to having the action transferred or stayed.

Plaintiff has therefore failed to establish any basis for mandamus relief.  Accordingly, this

---

[2] The Court notes that it appears Plaintiff is presently availing himself of this remedy at the current time before other Judges in this Court.

action for a writ of mandamus is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

For the reason set forth in this Opinion,

**IT IS** on this 26th day of March, 2007,

**ORDERED** that this civil action be **DISMISSED**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim; and it is further

**ORDERED** that Plaintiff's motion for a writ of mandamus [Docket #1] is **DISMISSED AS MOOT**; and it is further

**ORDERED** that this case is **CLOSED**.

    /s/ Jose L. Linares
United States District Judge